UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18CV1930 HEA |
| ) | |
| CORNELL HAYNES JR., et al., ) | |
| ) | |
| Defendants. ) | |

# **OPINION, MEMORANDUM AND ORDER**

## **Introduction**

This matter is before the Court on Defendant Cornell Haynes, Jr.'s Motion to Dismiss Case, [Doc. No. 7]. Plaintiff opposes the Motion. For the reasons set forth below, the motion is denied.

## **Facts and Background**

Plaintiff's First Amended Complaint alleges the following:[1]

Plaintiff Jane Doe ("Plaintiff") is a citizen and resident of Essex, England. Defendant Cornell Haynes Jr. ("Defendant") is an entertainer who resides in St. Louis, Missouri and performs using the stage name "Nelly." At the time of the

---

[1] The recitation of facts is taken from Plaintiff's First Amended Complaint and is set forth for the purposes of the pending motion to dismiss. The recitation does not relieve any party of the necessary proof of any stated fact in future proceedings.

1

events giving rise to this action, Defendant was on tour, performing in the United Kingdom.

On December 5, 2017, Plaintiff attended Defendant's concert in Essex, England with some female friends. After the show, Defendant asked Plaintiff, who had had her photo taken with Defendant, to go with him to his dressing room. Plaintiff insisted that her friends come to the dressing room. Defendant asked Plaintiff to join him in a small adjacent room. When Plaintiff complied, Defendant closed the door leaving the two of them alone together. At that point, Defendant proceeded to sexually assault Plaintiff. During the assault, Defendant allegedly dropped his pants and masturbated, tried to put his hands under and remove Plaintiff's top, tried to kiss Plaintiff, made crude sexual statements to Plaintiff, and forcefully pushed Plaintiff down and penetrated her mouth with his penis. Plaintiff ran out of the room and down the stairs, where Defendant pulled her back and said, "I will find you."

Plaintiff alleges that she was later defamed by Defendants' girlfriend (codefendant Shantel Jackson,) who wrote on social media that the women accusing Defendant of sexual assault are liars who "make[ ] things harder" for "women dealing with real issues of sexual assault." Plaintiff also claims that Defendant furthered the defamation by having his attorney state in a televised interview that Plaintiff's allegations were factually impossible.

Since the sexual assault, Plaintiff states that she has suffered anxiety, PTSD, emotional trauma, humiliation, loss of reputation, and loss of enjoyment of life. Plaintiff's physicians have diagnosed her with PTSD, prescribed medication, and entered orders saying she is not currently able to return to work.

Plaintiff filed her Complaint anonymously. Defendant now moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Defendant argues that the Complaint fails to comply with Rule 10(a), which provides that "[t]he title of the complaint must name all the parties."

## Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Additionally, the Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations,

"must be enough to raise a right to relief above the speculative level." *Id*. at 555 (citations omitted).

## Rule 10(a) Legal Standard

Federal Rule of Civil Procedure 10(a) generally requires parties to a lawsuit to identify themselves in their respective pleadings. *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979)). The public has a First Amendment right to access judicial proceedings, and that right includes the identity of the parties to litigation. *Chambliss v. Liberty Life Assur. Co. of Boston*, No. 13-1685 JRT, 2013 WL 5676486, at *2 (D. Minn. Oct. 18, 2013) (citing *Luckett v. Beaudet*, 21 F. Supp.2d 1029 (D. Minn. 1998)). When a plaintiff commences an action in federal court, he "invites public scrutiny of the dispute and the proceeding." *Id*.

The decision to allow pseudonyms is within a court's discretion. *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999). Neither the Eighth Circuit nor the Supreme Court has addressed the issue of when a pseudonym may be used; however, many federal courts of appeal and numerous district courts have reached this issue. *Roe v. St. Louis University*, No. 4:08-CV-1474-JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009). These courts have held that a totality-of-the-circumstances balancing test must be used when deciding whether a party can

4

sue under a pseudonym; in other words, the court must ascertain whether the plaintiff "has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (quoting *Frank*, 951 F.2d at 323 (internal quotations and citation omitted)).

The courts have identified several factors common to cases in which a plaintiff has been permitted to proceed under a fictitious name, including "(1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading." *Id.* (quoting *Doe H.M. v. St. Louis County*, No. 4:07-CV-2116-CEJ, 2008 WL 151629 at *1 (E.D. Mo. Jan.14, 2008) (citing *Frank*, 951 F.2d at 323)); *See also Chambliss*, 2013 WL 5676486, at *2.

**Discussion**

Plaintiff claims that this case involves "highly sensitive and personal subjects" and that forcing Plaintiff to publicly reveal her identity would cause her additional psychological trauma. Indeed, numerous courts have allowed plaintiffs alleging civil sexual assault to proceed anonymously for the same reasons Plaintiff now puts forth. The Seventh Circuit, for example, has held that "[i]n some situations, a litigant's use of a fictitious name is warranted. Such situations include protecting the identities of 'children, *rape victims*, and other particularly vulnerable

parties.'" *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (quoting *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)) (emphasis added). In this District, a plaintiff was allowed to proceed anonymously because her status as a rape victim was a "personal matter of the utmost intimacy." *St. Louis University*, 2009 WL 910738 at *5 (quoting *W.G.A.*, 184 F.R.D. at 617).

In *Doe v. Penzato* the court found that the plaintiff's interest in avoiding public attention so as not to compromise her trauma recovery weighed in favor of allowing her to proceed under a pseudonym, as did the public's interest in preventing the deterrence of sexual assault reporting by other victims. No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011). The court in *E.E.O.C. v. Spoa, LLC* noted that because electronic docket filings remain "pervasively available" on the internet, the use of the plaintiff's real name "may [cause her to] face psychological harm from having this sensitive experience [her sexual assault] made permanently available to anyone with internet access." No. CIV. CCB-13-1615, 2013 WL 5634337 at *3 (D. Md. Oct. 15, 2013). *Id.*

In their briefs, the parties each analogize this case to a high-profile defendant accused of civil sexual assault. Plaintiff relies on *Doe v. Cabrera*, 307 F.R.D. 1 (D.D.C. 2014), in which the plaintiff was ultimately allowed to proceed anonymously against the defendant, a major league baseball player. Defendant

relies on *Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996), in which the plaintiff was not allowed to proceed anonymously against recording artist Tupac Shakur.

As Defendant points out, the court in *Shakur* found that because the plaintiff chose to bring civil charges against Shakur, she had to "be prepared to stand behind her charges publicly." *Id.* at 361. The court also found that "claims of public humiliation and embarrassment [ ] are not sufficient grounds for allowing a plaintiff in a civil suit to proceed anonymously" and that:

> [i]t may be, as plaintiff suggests, that victims of sexual assault will be deterred from seeking relief through civil suits if they are not permitted to proceed under a pseudonym. That would be an unfortunate result. For the reasons discussed above, however, plaintiff and others like her must seek vindication of their rights publicly.

*Id.* at 362.

It is interesting and important to note that the instant case is distinguishable from *Shakur* in two respects. First, *Shakur* was decided 23 years ago. As made evident by the more recent cases cited above, courts now place more weight on the psychological trauma faced by victims of sexual assault, the easy public access of court records online, and the deterrent effect that "outing" a sexual assault victim may have on other victims. Second, the plaintiff in *Shakur* conceded that her name, residence, and place of employment were already known to the press, rendering public identification in court filings a moot issue.

7

In *Cabrera*, the plaintiff was allowed to proceed anonymously. There, the court recognized that "[b]ecause of the alleged sexual acts of the defendant and consequences of his purported actions, this case is one of a 'sensitive and highly personal nature' for plaintiff." *Cabrera*, 307 F.R.D. at 5-6 (quoting *Doe v. De Amigos, LLC*, No. CV 11-1755 (ABJ), 2012 WL 13047579 (D.D.C. Apr. 30, 2012)). The court held that even though plaintiff should have foreseen public scrutiny that accompanies a sexual assault case against a notorious defendant, there is nevertheless a "strong public interest in protecting identity of sexual assault victims so other victims will not be deterred from reporting such crimes." *Id.* (internal quotations removed). The court in *Cabrera* also weighed plaintiff's severe anxiety and stress in favor of maintaining her anonymity, finding "that the public disclosure of the plaintiff's true identity is very likely to result in psychological trauma" and would risk undermining the plaintiff's psychological treatment. *Id.* at 7.

Here, Plaintiff's identity is known to Defendant and his counsel, but remains unknown publicly. Plaintiff alleges a forceful sexual assault, making this case one of a highly sensitive and personal nature for Plaintiff. Moreover, Plaintiff alleges that she has suffered and continues to suffer psychologically from the assault. She fears that if she is forced to reveal her name, her anxiety and PTSD will worsen. The Court is also mindful of the strong public interest in protecting the identities of

8

sexual assault victims so as not to deter other victims from reporting crimes against them.  Having considered and weighed the interests herein, the Court concludes that the interest in preserving Plaintiff's privacy by use of a pseudonym outweighs the public interest in ascertaining her true name, and so Plaintiff will be allowed to proceed under a pseudonym in the instant case.  *See St. Louis University*, 2009 WL 910738, at *5.

The Court reiterates that Defendant knows Plaintiff's real name and should not be impaired by Plaintiff's use of a pseudonym in conducting discovery or impeaching Plaintiff's credibility.  *Id.* at n.5 (citing *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y.2006)).  It should be noted, however, that "the restrictions contained in this order only apply to the discovery period and may be reconsidered if this case goes to trial."  *Id*. (quoting *Kolko*, 242 F.R.D. 198 (citation omitted)).

## Conclusion

For the reasons stated above, Defendant's Motion to Dismiss Case, [Doc. No. 7] is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Case,

[Doc. No. 7] is **DENIED**.

Dated this 12th day of June, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE